UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LORI SMITH,

            Plaintiff,

vs.                                        Case No. 2:08-cv-952-FtM-29SPC

NAPLES COMMUNITY HOSPITAL, INC. a
Florida not-for-profit corporation,

            Defendant.
_____

**<u>OPINION AND ORDER</u>**

This matter comes before the Court on defendant's Verified Itemized Bill of Costs (Doc. #84) filed on June 2, 2010. Plaintiff filed a Response (Doc. #90) on July 2, 2010, and defendant filed a Reply (Doc. #93) in response to the Court's Order (Doc. #92) requesting a reply to plaintiff's line-by-line objections and request to reduce the amount to $6,712.90. In reply, defendant withdrew only the $403.00 in shipping and handling fees but otherwise maintained its position.

On May 20, 2010, the Court issued an Opinion and Order (Doc. #80) granting defendant's Dispositive Motion for Summary Judgment as to all counts. Judgment (Doc. #81) was entered against plaintiff the next day, the July 2010 trial was cancelled, and the appeal thereof remains pending. The parties do not dispute that

defendant was the prevailing party in this case, and plaintiff agrees that defendant is entitled to "some" costs.

Under Fed. R. Civ. P. 54(d), costs "should be allowed to the prevailing party" unless the court provides otherwise. Fed. R. Civ. P. 54(d)(1). While the Court retains discretion to deny costs to a prevailing party, the presumption is in favor of the award of costs, particularly where Congress has provided for the imposition of costs. Arcadian Fertilizer, L.P. v. MPW Indus. Servs. Inc., 249 F.3d 1293, 1296 (11th Cir. 2001). "[Title 28 U.S.C.] Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)." Crawford Fitting Co. v. J. T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987). These include, for example, fees "for printed or electronically recorded transcripts necessarily obtained for use in the case" and fees "for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(2), (4).

**Deposition Costs:**

As cited by plaintiff, deposition costs "merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only," are not recoverable. EEOC v. W & O, Inc., 213 F.3d 600, 620 (11th Cir. 2000)(quoting Goodwall Constr. Co. v. Beers Constr. Co., 824 F. Supp. 1044, 1066 (N.D. Ga. 1992), rev'd on other grounds, 991 F.2d 751 (Fed. Cir. 1993)). However,

taxation of deposition costs for witnesses on the losing party's witness list is reasonable. Id. at 621. Depositions submitted in support of summary judgment may also be taxed. Id.

Plaintiff objects to the taxation of costs for the depositions of Debbie Freeman, Marcie Charland, M.D., Deborah Strum, Gina Teegarden, Mary Masterson McGary, and Ed Morton. In its reply, defendant argues that each of these individuals was listed as a witness on plaintiff's Preliminary Pretrial Witness List (Doc. #94-3). A review of the List shows a footnote indicating that these specific people were expected to be called more so than others listed. Therefore, the Court finds that the deposition costs were necessarily obtained for use in this case and in preparation for trial. The objections are overruled.

Plaintiff also objects to any delivery, shipping and handling or expedited request expenses associated with the depositions. Defendant concedes as to this objection and has agreed to a $403.00 reduction in costs. (Doc. #93, pp. 5, 7.) The Court agrees that these are expenses for the convenience of counsel and are non-taxable costs. The Court will reduce the amount for depositions by $403.00 and allow $9,047.30.

**Copying Costs:**

Costs associated with copying are taxable, including for discovery but not for models and charts, and the prevailing party's reasonable belief in their necessity is considered. W & O, Inc.,

213 F.3d at 623; Arcadian Fertilizer, 249 F.3d at 1296-98. But see Durden v. Citicorp Trust Bank, 3:07-cv-974-J-34JRK, 2010 U.S. Dist. LEXIS 59537, *11 n.7, 2010 WL 2105921 (M.D. Fla. Apr. 26, 2010)(noting that the Eleventh Circuit has not revisited the issue of taxable exhibits since the the 2008 amendment to 28 U.S.C. § 1920). Plaintiff objects to the copying cost request because no explanation has been provided as to the necessity of the cost. Only invoices for the $91.90 and $50.00 medical records have been provided. (Doc. #84-2, Exh. 2.) Upon review, the Court will reduce the $91.90 to eliminate the amounts for the other two sets created for plaintiff's counsel and for defendant's own file and convenience. The Court will allow $56.10. Defendant also seeks to tax costs for documents produced in response to plaintiff's First Request for Production, Exhibits to plaintiff's deposition, documents produced for corporate representative depositions in response to a subpoena, and for medical records. Defendant has not articulated why taxation of these costs is appropriate but has articulated that the copies were reasonable. (Doc. #93, p. 6.) The Court will permit the $67.50, $18.20, and $50.00, but disallow the $44.70 for exhibits to the non-prevailing party's deposition. Therefore, a total of $191.80 will be permitted.

**Witness and Service Costs:**

Under 28 U.S.C. § 1821(b), a witness attending court or a deposition shall be paid a $40.00 attendance fee per day plus

travel expenses. This $40.00 is a maximum amount per witness, including expert witnesses. Morrison v. Reichhold Chems., Inc., 97 F.3d 460, 463 (11th Cir. 1996); Cronin v. Washington Nat'l Ins. Co., 980 F.2d 663, 672 (11th Cir. 1993). "A witness who travels by common carrier shall be paid for the actual expenses of travel on the basis of the means of transportation reasonably utilized and the distance necessarily traveled to and from such witness's residence by the shortest practical route in going to and returning from the place of attendance. Such a witness shall utilize a common carrier at the most economical rate reasonably available. A receipt or other evidence of actual cost shall be furnished." 28 U.S.C. § 1821(c)(1). Mileage and toll charges may also be taxed. 28 U.S.C. § 1821(c)(2), (3). Costs incurred as a result of private process servers may be taxed under Title 28, United States Code, Section 1920(1), so long as the amount does not exceed the limitations under Section 1921. W & O, Inc., 213 F.3d at 624. See also 28 U.S.C. § 1921 (a court may tax costs for serving a subpoena or summons, including for travel and overtime expenses incurred).

As a preliminary matter, the Court finds no basis to tax the costs associated with the court reporter's presence. The court reporter was not served with a subpoena or summons, was not a witness in the case, and was otherwise compensated for the transcripts themselves. Defendant seeks amounts for witness fees and for mileage associated with their travel. Although what

portion of the amount is attributable to mileage alone is not indicated, the total amount is reasonable and within the statutory limitations.  Defendant seeks $105.74 for postage and a rush service of the subpoena for Deborah Strum.  The Court declines to impose the postage and will reduce the amount to $90.00.  The remaining costs will be taxed.  Therefore, the Court will permit $1,464.00.

Accordingly, it is now

**ORDERED**:

Defendant's Verified Itemized Bill of Costs (Doc. #84) is **GRANTED IN PART AND DENIED IN PART.**  The Clerk shall enter judgment taxing costs against plaintiff in the amount of $10,703.10 ($9,047.30 for deposition costs; $191.80 for copying costs; and $1,464.00 for witness and service fees).

**DONE AND ORDERED** at Fort Myers, Florida, this __23rd__ day of March, 2011.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record